**Loren W. Collins**, OSB 822213
Email: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Ste. 202
Salem, OR 97301
Tel. 971.273.0427
Fax: 503.689.1493
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

**MICAELA HERRERA,**

**Plaintiff,**

**vs.**

**TEEN CHALLENGE INTERNATIONAL PACIFIC NORTHWEST CENTERS DBA PACIFIC NORTHWEST ADULT & TEEN CHALLENGE,**

**Defendant.**

Case No.: 6:17-cv-1359

**COMPLAINT**

Discrimination on the Basis of Sex, 42 U.S.C. § 2000e, *et. seq.* and ORS 659A.030; and Discrimination on the Basis of Marital Status, ORS 659A.030.

**DEMAND FOR JURY TRIAL**

Plaintiff alleges:

## NATURE OF THE ACTION

1. This is an action for monetary damages, including attorney fees and costs, to redress unlawful employment discrimination against Plaintiff Micaela Herrera by Defendant Teen Challenge International Pacific Northwest Centers, dba Pacific

Northwest Adult & Teen Challenge ("Teen Challenge") on the basis of Plaintiff's sex and marital status. As a result of this discrimination, Defendant violated Plaintiff's federal rights under Title VII, 42 U.S.C. § 2000e, *et. seq.*; and Plaintiff's state statutory rights under ORS 659A.030.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction. Plaintiff requests this Court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, with respect to her claim for relief based on an Oregon statute because the state claim arises from the same nucleus of operative facts as the federal claim.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district and Defendant Teen Challenge resides in this district.

4. Plaintiff brings this action under Title VII, 42 U.S.C. § 2000e, *et. seq.* within ninety (90) days of her receipt of a Notice of Right to Sue issued by the Oregon Bureau of Labor and Industries ("BOLI"), which has a work sharing agreement with the federal Equal Employment Opportunity Commission ("EEOC") and acts as an agent of the EEOC with respect to Plaintiff's claim under Title VII. A copy of the Notice of Right to Sue from BOLI is attached hereto as Exhibit "2" to this complaint. Plaintiff will request a Notice of Right to Sue from the EEOC, which will be filed with the Court upon receipt.

## PARTIES

5. Plaintiff Micaela Herrera is a resident of Albany, Linn County, Oregon. At all times material herein, Ms. Herrera was an employee of Teen Challenge International Pacific Northwest Centers dba Pacific Northwest Adult & Teen Challenge ("Defendant Teen Challenge") at its business in Albany, Linn County, Oregon.

6. Defendant Teen Challenge International Pacific Northwest Centers dba Pacific Northwest Adult & Teen Challenge (hereinafter referred to as "Teen Challenge") is a domestic non-profit corporation organized and existing under the laws of the State of Oregon, and in good standing in the State of Oregon. At all times material herein, Defendant Teen Challenge owned, operated and did business at a retail and donation center in Albany, Linn County, Oregon.

## GENERAL ALLEGATIONS

7. On or about October 16, 2015, Plaintiff Micaela Herrera became employed by Teen Challenge on a part time basis as a production worker at its resale and donation center in Albany, Linn County, Oregon.

8. Shortly after Plaintiff became employed by Defendant, she was promoted to Assistant Manager of the Teen Challenge resale and donation center warehouse.

9. In December 2015, Plaintiff became pregnant. Plaintiff was not married.

10. In late January 2016 Plaintiff told the manager of the warehouse, Russ Johnson, that she was pregnant.

11. In March 2016 Plaintiff warehouse manager Russ Johnson reported to

Defendant Teen Challenge's area manager, Kevin VanDyke, that Plaintiff was pregnant.

12. On or about March 26, 2016, Plaintiff had a conversation with area manager VanDyke at which time Plaintiff told VanDyke that she did not plan to marry the father of her child. VanDyke terminated Plaintiff's employment for alleged "moral failure" and "Violation of Company Policy and Standards."

13. On or about June 23, 2016, Plaintiff filed a complaint of discrimination on the basis of sex and marital status with the Oregon Bureau of Labor and Industries ("BOLI"). This was filed as BOLI Case No. EEEMSM160623-10888. Said complaint was co-filed with the federal Equal Employment Opportunity Commission as Case No. 38D-2016-00601C.

14. The Oregon Bureau of Labor and Industries investigated Plaintiff's complaint. On or about June 23, 2017, BOLI issued a Notice of Substantial Evidence Determination with respect to sex and marital status discrimination under state law. A copy of said Notice is attached as Exhibit 1. Thereafter, BOLI issued a Notice of Right to File a Civil Suit, a copy of which is attached as Exhibit 2.

## **CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF

### Discrimination on the Basis of Sex, 42 U.S.C. § 2000e, et. seq.

15. Plaintiff re-alleges paragraphs 1 through 12 above and incorporates said paragraphs herein by this reference.

16. Plaintiff is a female.

17. Defendant had a policy that proscribed premarital intercourse.

18. Defendant has never fired a male employee for impregnating a female.

19. Upon learning of Plaintiff's pregnancy out of wedlock, Defendant terminated Plaintiff's employment.

20. The only evidence that Defendant used to establish that Plaintiff engaged in premarital sexual intercourse was her pregnancy, a condition exclusive to women.

21. By using pregnancy as the sole means for concluding that Plaintiff engaged in sexual intercourse, Defendant engaged in a practice that exposed female employees to a significantly greater risk of termination for engaging in premarital sexual intercourse than male employees.

22. Defendant's discovery of Plaintiff's alleged violation of the rule proscribing premarital sex was the result of a condition directly related to Plaintiff's sex. Accordingly, Defendant's decision to terminate Plaintiff was causally connected to her sex.

23. As a result of Defendant's discrimination on the basis of sex, Defendant violated Plaintiff's federally protected rights pursuant to Title VII, 42 USC § 2000e, et. seq

24. As a direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's federally protected rights, Plaintiff suffered a loss of employment and continues to suffer a loss of income and benefits from the date she was constructively terminated. Ms. Herrera is entitled to back pay in an amount to be determined at trial but not to exceed $50,000. Plaintiff is also entitled to

reinstatement or, in the alternative, front pay in an amount to be determined at trial but not to exceed $150,000.

25. As a further direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's federally protected rights, Plaintiff suffered and will continue to suffer emotional distress and loss of enjoyment of life. As a result, she is entitled to an award of compensatory damages in the amount of $150,000.

26. Defendant's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's federally protected rights. As a result, she is entitled to an award of punitive damages in the amount of $150,000.

27. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

**SECOND CLAIM FOR RELIEF**

**Discrimination on the Basis of Sex Pursuant to ORS 659A.030**

28. Plaintiff re-alleges paragraphs 1 through 12 and 14 through 20 above and incorporates said paragraphs herein by this reference.

29. As a result of Defendant's discrimination on the basis of sex, Defendant violated Plaintiff's rights pursuant to Oregon law set forth in ORS 659A.030, which prohibit discrimination on the basis of sex.

30. As a direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's rights under state law, Plaintiff suffered a loss of employment and continues to suffer a loss of income and benefits from the date she was constructively terminated. Ms. Herrera is entitled to back pay in an amount to be

determined at trial but not to exceed $50,000. Plaintiff is also entitled to reinstatement or, in the alternative, front pay in an amount to be determined at trial but not to exceed $150,000.

31. As a further direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's rights under state law, Plaintiff suffered and will continue to suffer emotional distress and loss of enjoyment of life. As a result, she is entitled to an award of compensatory damages in the amount of $150,000.

32. Pursuant to ORS 659A.885, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

**THIRD CLAIM FOR RELIEF**

**Discrimination on the Basis of Marital Status Pursuant to ORS 659A.030**

33. Plaintiff realleges paragraphs 1 through 12 and incorporates said paragraphs herein by this reference.

34. Defendant had a policy against employees engaging in premarital sexual intercourse.

35. Because Defendant's policy provides for different treatment of employees on the basis of marital status, Defendant's policy is discriminatory on its face with respect to marital status.

36. Moreover, Defendant terminated Plaintiff upon learning that Plaintiff did not plan to marry the father of her child.

37. For the aforementioned reasons, Plaintiff's marital status was a motivating factor in Defendant's termination of Plaintiff's employment.

38. As a result of Defendant's discrimination on the basis of sex, Defendant violated Plaintiff's rights pursuant to Oregon law set forth in ORS 659A.030, which prohibit discrimination on the basis of marital status.

39. As a direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's rights under state law, Plaintiff suffered a loss of employment and continues to suffer a loss of income and benefits from the date she was constructively terminated. Ms. Herrera is entitled to back pay in an amount to be determined at trial but not to exceed $50,000. Plaintiff is also entitled to reinstatement or, in the alternative, front pay in an amount to be determined at trial but not to exceed $150,000.

40. As a further direct and proximate result of Teen Challenge's conduct and violation of Plaintiff's rights under state law, Plaintiff suffered and will continue to suffer emotional distress and loss of enjoyment of life. As a result, she is entitled to an award of compensatory damages in the amount of $150,000.

41. Pursuant to ORS 659A.885, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

Wherefore, Plaintiff Micaela Herrera prays for a judgment against Defendant Teen Challenge as follows:

1. For an award of non-economic compensatory damages in the sum of $150,000;

2. For an award of economic damages for lost pay and benefits in an amount to be determined at trial but not to exceed the amount of $50,000;

3. For reinstatement to her employment at Defendant Teen Challenge or, in the alternative, to an award of front pay in an amount to be determined at trial but not to exceed the amount of $150,000;

4. For punitive damages in the sum of $150,000;

5. For Plaintiff's attorney fees and costs incurred herein pursuant to 42 U.S.C. § 1988 as to the First Claim for Relief and pursuant to ORS 659A.885 as to the Second and Third Claims for Relief; and

6. For such other relief as the Court deems equitable.

DATED this 30th day of August 2017.

/s/ Loren W. Collins___________
Loren W. Collins, OSB 822213
E-mail: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., SE, Ste. 202
Salem, OR 97301
Tel. 971.273.0427/Facsimile 503.689.1493
Attorney for Plaintiff